# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### LOVEJOY v. LEONARD ET AL.

CHATTEL MORTGAGE: FRAUDULENT EXECUTION OF: VERDICT.

*Appeal from Scott District Court.*

FRIDAY, JUNE 6.

THE defendant Sherman obtained a judgment against W. W. King, and also another judgment against Julia King, wife of W. W. King. Executions were issued thereon, and placed in the hands of Leonard, as sheriff, who, by virtue thereof, levied on and took possession of certain articles of personal property.

The plaintiff, claiming he was entitled to said goods by virtue of a mortgage executed by Julia King, brought this action to recover the value of the goods. There was a jury trial, verdict and judgment for the plaintiff, and defendants appeal.

*H. H. Benson and A. J. Hirschl*, for appellants.

*Cook & Richman*, for appellee.

SEEVERS, J.—The pleadings were so framed as to present for determination the following questions : *First*, did the property belong to W. W. King or Julia King, at the time the mortgage was executed ? *second*, was the mortgage executed with intent to hinder and delay the creditors of said Kings, or either of them? and, *third*, the value of the goods taken for which plaintiff was entitled to recover.

The principal question argued by counsel is as to the value of the goods, it being claimed the amount of the verdict is excessive, and, in other respects, against the evidence.

Upon the question of value there were wide differences between the witnesses. Such might naturally be expected, as the goods consisted of household furniture, beds and bedding, carpets, pictures, etc., which had been used for a greater or shorter period of time. There is evidence upon

which the verdict can be sustained, judging from what is before us. We might, as an original question, conclude the finding as to value was too large, or that the verdict, in other respects, was not sustained by the evidence. To do this, we should have to say that the witnesses for the plaintiff were not entitled to as much credit as those of the defendants. As to this, different minds might come to different conclusions.

The learned judge of the District Court, by overruling the motion for a new trial, must have determined that the verdict was not the result of passion or prejudice. Under such circumstances we cannot interfere as to any question of fact determined by the jury.

The jury must have determined that the property belonged to Julia King at the time the mortgage was executed. This, we understand, aside from the question of value, to have been the principal question in the case. The evidence of fraud on the part of the plaintiff was exceedingly slight. The court, however, submitted that question to the jury, the instructions being lengthy, full and complete. The question of intent to hinder and delay creditors was fairly put to the jury in the instructions given by the court. They were not excepted to, and we think they covered the whole ground, and that there was no error in refusing those asked by the defendants.

Two instructions asked by the defendants and given by the court are objected to, but not pressed in argument. We have only to say the objection is not, in our opinion, well taken.

AFFIRMED